# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**INGENUITY, INC.,**

    **Plaintiff,**

**v.**                **Case No:   6:11-cv-93-Orl-28KRS**

**LINSHELL INNOVATIONS LIMITED
and CONAIR CORPORATION,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following:

| | |
|---|---|
| **MOTION:** | **CONAIR CORPORATION'S MOTION FOR ENTRY OF JUDGMENT OF NO LIABILITY (Doc. No. 306)** |
| **FILED:** | **June 3, 2014** |

| | |
|---|---|
| **ORDER:** | **AMENDED ORDER TO SHOW CAUSE (Doc. No. 317)** |
| **FILED:** | **September 10, 2014** |

## I. BACKGROUND.

Plaintiff, Ingenuity, Inc. ("Ingenuity"), initiated this case by filing a complaint against

Defendants Linshell Innovations Limited ("Linshell") and Conair Corporation ("Conair").

Ingenuity alleged the following causes of action against Conair: tortious interference with

Ingenuity's Distribution Agreement with Linshell and with Florida retailers to whom Ingenuity

distributed Linshell's product, the Linziclips; breach of an Undertaking of Non-Disclosure

contract between Conair and Ingenuity; and, violation of the Florida Deceptive and Unfair Trade

Practices Act ("FDUTPA").   Ingenuity alleged the following causes of action against Linshell:

breach of several provisions of the Distribution Agreement between Linshell and Ingenuity;

tortious interference with Ingenuity's Undertaking of Non-Disclosure and business relationship

with Conair; tortious interference with Ingenuity's business relationships with Florida retailers;

and, violation of FDUTPA.   Finally, Ingenuity alleged that Linshell and Conair engaged in a civil

conspiracy to interfere with Ingenuity's relationship with various retailers.   Doc. No. 2.

Ingenuity later dismissed the FDUTPA claims against Conair and Linshell.   Doc. Nos. 30, 31.

Ingenuity also agreed to dismissal of the civil conspiracy claim.   Doc. Nos. 29, 34.

Both Conair and Linshell appeared and responded to the complaint.   On August 22, 2013,

Ingenuity moved for entry of a default and default judgment as to liability against Linshell as a

sanction for alleged violation of a discovery order entered by the Court.   Doc. No. 188.   Conair

argued in opposition to that motion as follows:

> Such final relief will ultimately result in adjudications and findings of
> fact that are inconsistent with the final determinations as to Conair's
> liability (or, as Conair asserts, non-liability) for Ingenuity's claims.
> Given such inherent inconsistences, there is no reason for the Court
> to adjudicate this case in the piecemeal fashion that Ingenuity is
> requesting it to do. . . . [A]lthough Ingenuity does not have any
> pending joint claims against Linshell and Conair, the claims against
> each Defendant are certainly related as: (a) the claims all involve a
> common nucleus of contested facts (albeit asserted under different
> legal theories); (b) the claims give rise to common defenses asserted
> by Linshell and Conair; and (c) Conair's liability (or lack thereof) is
> partially dependent upon a finding of Linshell's liability (or lack
> thereof) on certain of Ingenuity's claims.

Doc. No. 202 at 2, 5.

During a hearing in August 2013, counsel for Linshell advised the Court that Linshell had

commenced liquidation proceedings in England and that English law did not provide for an

automatic stay of this litigation.   Doc. No. 205.   At counsel for Linshell's request, the Court

directed the Clerk of Court to enter a default against Linshell, which default was entered on September 5, 2013.   Doc. Nos. 205, 207.   The Court permitted counsel for Linshell to withdraw. Doc. No. 204.

On March 25, 2014, the Court granted a motion for summary judgment filed by Conair finding that it was not liable under any of the remaining causes of action asserted against it.   Doc. No. 280 (the "Summary Judgment Order").

Thereafter, on April 2, 2014, Ingenuity filed a second motion for entry of a default judgment against Linshell based on the entry of default.   Doc. No. 284.   Conair responded to the motion.   Doc. No. 286.   It continued to argue that findings the Court might make in resolving the claims against Linshell could create potential and unnecessary appellate issues unless the Court stated in a final judgment that Conair was not bound by any findings that the Court made in resolving the claims against Linshell.   *Id.* at 1-2.   Counsel for Ingenuity later withdrew the motion for a default judgment against Linshell, stating that he "does not believe that advancing a theory of Linshell liability is congruent with the order and findings in favor of Conair."   Doc. No. 291 at 1.

In the above-referenced motion, Conair now contends that the Court can enter a judgment of no liability in Conair's favor under Fed. R. Civ. P. 54(b).   Ingenuity responded that entry of a judgment would be premature.   Doc. No. 311.

On September 10, 2014, I issued an Amended Order to Show Cause requiring Ingenuity to show cause why its claims against Linshell should not be involuntarily dismissed for failure of prosecution under Local Rule 3.10.   Doc. No. 317.   Counsel for Ingenuity responded that he could not file a motion for default judgment against Linshell unless the findings of the Court in the Summary Judgment Order were reversed.   He argued that "[l]ack of a good faith belief that a

cause of action, otherwise diligently pursued, cannot be successfully prosecuted based on Court findings adverse to the plaintiff does not make the plaintiff any less diligent or intent [on actively and diligently prosecuting the action]." Doc. No. 320 at 2.

Both Conair's motion for entry of a judgment of no liability and resolution of the Amended Order to Show Cause have been referred to me for resolution.

## II.   ANALYSIS.

### A.   *Federal Rule of Civil Procedure 54(b).*

Rule 54(b) provides, in pertinent part, that when multiple parties are involved in a case, "the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." In exercising its discretion under this rule, the Court must first determine whether it is dealing with a final judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). The Court's Summary Judgment Order is a final decision on all of Ingenuity's claims against Conair.

The Court must then determine whether there is no just reason for delay. In making this determination, the Court "must take into account judicial administrative interests as well as the equities involved." *Id.* at 8. Among other things, the Court may consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Rule 54(b) is intended to "effectively 'preserve[ ] the historic federal policy against piecemeal appeals.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).

During a hearing on this issue, counsel for Conair argued that the claims against it were entirely separate from the claims against Linshell and that no appellate court would have to decide

the same issues more than once.   This argument is contrary to Conair's earlier and repeated

arguments that findings this Court may make in resolving the claims against Linshell could

adversely impact Conair.   Indeed, while there are no joint claims remaining against Linshell and

Conair, the facts underlying all of the claims against these parties arise out of a common nucleus

of operative facts.   Therefore, it is not clear that the United States Court of Appeals for the

Eleventh Circuit would not have to decide the same issues twice if Ingenuity is permitted to appeal

and Ingenuity or Linshell subsequently appeals this Court's ruling on the claims against Linshell.

Finally, unlike cases cited by Conair during the hearing, this is not a case in which the

claims against Linshell are stayed.   *See Skinner v. W.T. Grant Co.*, 642 F.2d 981 (5th Cir. Unit A

Apr. 17, 1981); *David v. Oldham*, No. 6:07-cv-941-Orl-31DAB, 2008 WL 1771809 (M.D. Fla.

Jan. 30, 2008).   As discussed above, previous counsel for Linshell advised the Court that

liquidation proceedings in England do not require stay of all pending litigation.   Therefore, there

is no legal impediment to the Court promptly resolving Ingenuity's claims against Linshell.

For these reasons, I recommend that the Court find that entry of a separate judgment of no

liability in favor of Conair is not warranted under Rule 54(b).

B.      *Amended Order to Show Cause.*

Even though the Court could resolve Ingenuity's claims against Linshell pursuant to a

motion for a default judgment, counsel for Ingenuity declines to file such a motion because, he

concludes, he could not prevail on the motion in light of the findings the Court made in its

Summary Judgment Order.   This argument is not entirely correct, however, because in

considering liability on a motion for a default judgment, the Court looks to the well-pleaded facts

in the complaint rather than evidence.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975).

Nevertheless, Ingenuity is correct that granting a motion for default judgment against Linshell might not be appropriate if that judgment would be inconsistent with the findings in the Summary Judgment Order.   In *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984), the Eleventh Circuit observed that it was "sound policy" that when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits.   *Id.* at 1512.   Counsel for both Conair and Ingenuity appear to agree that entering a judgment in favor of Ingenuity against Linshell would likely be inconsistent with the Court's findings in the Summary Judgment Order.

The remedy in such a situation is not to allow the claims against the defaulted Defendant to pend indefinitely.   Rather, if the Court concludes that it would be incongruous or unfair to allow Conair to prevail while not providing the same benefit to Linshell, then the Court should enter summary judgment in Linshell's favor.   *See RJSG Props., LLC v. Marbella Condo. Dev., LLC*, No. 3:08cv302/MCR/EMT, 2010 WL 2890307, at *12 (N.D. Fla. June 11, 2010), *report and recommendation adopted*, 2010 WL 2890784 (N.D. Fla. July 21, 2010).

This analysis leaves the Court with two options.   It may, *sua sponte*, enter summary judgment in favor of Linshell if it determines that doing otherwise would result in inconsistent judgments.   Alternatively, it may order Ingenuity to file a motion for entry of a default judgment against Linshell by a specified date, which motion must identify the elements of each cause of action and cite with specificity the well-pleaded facts in the complaint that establish each element of each cause of action.[1]   *See RJSG Props., LLC*, 2010 WL 2890307, at *13.   Consideration of this motion would allow the Court to determine definitively whether entering a judgment against

---

[1] In the second motion for entry of a default judgment, Doc. No. 284, counsel for Ingenuity did not set forth the elements of each cause of action, and he did not identify with specificity the facts alleged in the complaint that establish each element of each cause of action.

Linshell on any or all of the causes of action against it would be inconsistent with findings in the Summary Judgment Order.   If Ingenuity refuses to comply with the Court's order, then the record would be sufficient, in my view, to involuntarily dismiss Ingenuity's claims against Linshell for failure of prosecution and violation of a Court order.   *See, e.g.*, *Goforth v. Owens*, 766 F.2d 1533 (11th Cir. 1985).

## III.   RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1)   **DENY** Conair Corporation's Motion for Entry of Judgment of No Liability (Doc. No. 306); **and**,

2)   **ENTER** summary judgment in favor of Linshell if the Court determines that failure to do so would result in inconsistent judgments as between Conair and Linshell; **or**,

3)   **ORDER** Ingenuity to file a motion for entry of a default judgment against Linshell by a specified date and require Ingenuity to set forth in that motion the elements of each cause of action against Linshell and identify with specificity each fact pleaded in the complaint that it contends establishes each element of each cause of action.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 6, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy