UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INGENUITY, INC.,

        Plaintiff,

v.                                              Case No: 6:11-cv-93-Orl-28KRS

LINSHELL INNOVATIONS LIMITED and
CONAIR CORPORATION,

        Defendants.

## ORDER

This case is before the Court on the Motion for Entry of Judgment of No Liability (Doc. 306) filed by Defendant Conair Corporation. The United States Magistrate Judge submitted a report recommending that the motion be denied (Doc. 324), and Conair objected to the report (Doc. 325).

This Court granted Conair's motion for summary judgment as to the claims against it on March 25, 2014. (Doc. 280). Plaintiff, Ingenuity, Inc., subsequently filed a Motion for Reconsideration (Doc. 297) and Motion for Leave to Properly Support or Address Facts in Opposition to Conair's Motion for Summary Judgment (Doc. 302), both of which the Court denied (Docs. 312 & 313). Ingenuity also filed a Renewed Dispositive Motion for Entry of Final Default Judgment against Linshell Innovations, Ltd. (Doc. 284), which it later withdrew, stating that it "does not believe that advancing a theory of Linshell liability is congruent with the order and findings in favor of Conair," (Doc. 291 ¶ 2). Conair then moved for entry of a final judgment with respect to the claims against it. (Doc. 306).

After a hearing, (Sept. 4, 2014 Tr., Doc. 318), the Magistrate Judge concluded that "entry of a separate judgment of no liability in favor of Conair is not warranted under Rule 54(b)," (Doc. 324 at 5). The Magistrate Judge recommended that the Court deny Conair's motion for entry of judgment and either grant summary judgment in favor of Linshell or order Ingenuity to file a motion for entry of a default judgment by a specific date. (Id. at 7).

After an independent *de novo* review of the record in this matter, this Court agrees with the Magistrate Judge's determination that a partial judgment is improper in this instance. Courts may direct final judgment as to fewer than all parties in a case "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . , a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). Here, as noted by the Magistrate Judge, "the facts underlying all of the claims against these parties arise out of a common nucleus of operative facts," (Doc. 324 at 5), and intertwined issues may be presented to the appellate court multiple times if judgment for Conair is granted at this juncture, see Curtiss-Wright, 446 U.S. at 8 ("It was therefore proper for the District Judge here to consider . . . whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."). Additionally, "there is no legal impediment to the Court promptly resolving Ingenuity's claims against Linshell." (Doc. 324 at 5). While the Court considered Conair's argument regarding the effect of delay as an equity weighing in favor of Conair, the judicial administrative interests counsel against granting Conair's motion.

Granting summary judgment *sua sponte* to Linshell would be improper without the benefit of a full record regarding the claims against Linshell. Instead, Ingenuity will be permitted to file a renewed motion for default judgment. As Conair has pointed out, the Summary Judgment Order (Doc. 280) on its face is not inconsistent with entry of a default judgment in favor of Linshell. (See also Order on Mot. for Reconsideration, Doc. 313). If Ingenuity does not move for default judgment within the time limits prescribed below, its claims against Linshell will be dismissed for lack of prosecution.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation filed October 6, 2014 (Doc. 324) is **ADOPTED** in part, as set forth in this Order.

2. Conair's Motion for Entry of Judgment of No Liability (Doc. 306) is **DENIED**.

3. Ingenuity may renew its motion for default judgment against Linshell **on or before Friday, December 5, 2014**. This motion must set forth the elements of each cause of action against Linshell and must identify with specificity each fact pleaded in the Complaint that it contends establishes each element of each cause of action. If Ingenuity fails to do so by December 5, its claims against Linshell will be dismissed with prejudice and a final judgment will be entered.

**DONE** and **ORDERED** in Orlando, Florida, on November 6, 2014.

                                    JOHN ANTOON II
                                    United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties